YOUNG ET AL., APPELLEES, *v.* CINCINNATI INSURANCE COMPANY ET AL.; MOTORISTS MUTUAL INSURANCE COMPANY, APPELLANT.

[Cite as *Young v. Cincinnati Ins. Co.,* 105 Ohio St.3d 1252, 2005-Ohio-1941.]

(No. 2004–0403—Submitted March 2, 2005—Decided May 11, 2005.)

---

{¶ 1} The cause is dismissed, sua sponte, as having been improvidently accepted.

MOYER, C.J., RESNICK, PFEIFER and O'DONNELL, JJ., concur.

LUNDBERG STRATTON, O'CONNOR and LANZINGER, JJ., dissent.

---

LUNDBERG STRATTON, J., dissenting.

{¶ 2} The majority has decided to dismiss this case as having been improvidently accepted. Counsel represented during oral argument that there are only two cases remaining within the judicial system that would be affected by this court's decision. However, because we do not know the number of cases with this issue that still may be pending at the trial level, I believe that we should address the merits of this case. Therefore, I respectfully dissent.

{¶ 3} The parties agree that the most recent two-year guaranteed policy period under *Wolfe v. Wolfe* (2000), 88 Ohio St.3d 246, 725 N.E.2d 261, began on October 1, 1999, when the Motorists policy was renewed. However, the General Assem-

bly amended R.C. 3937.31, effective September 21, 2000, and added subsection (E), which provides:

{¶ 4} "Nothing in this section prohibits an insurer from incorporating into a policy any changes that are permitted or required by this section or other sections of the Revised Code at the beginning of any policy period within the two-year period set forth in division (A) of this section." 2000 Sub.S.B. No. 267, 148 Ohio Laws, Part V, 11385.

{¶ 5} I believe that when the new six-month renewal period began on October 1, 2000, the statutory changes in Sub.S.B. 267 were incorporated into the Motorists policy. This is not a retroactive application of new legislation, but rather prospective application to a renewal after the amendment went into effect.

{¶ 6} Furthermore, application of amended R.C. 3937.31 to this policy would effectuate the General Assembly's articulated public policy. The uncodified law of Sub.S.B. 267, Section 5, states:

{¶ 7} "It is the intent of the General Assembly in amending section 3937.31 of the Revised Code to make it clear that an insurer may modify the terms and conditions of any automobile insurance policy to incorporate changes that are permitted or required by that section and other sections of the Revised Code at the beginning of any policy period within the two-year period set forth in division (A) of that section." 148 Ohio Laws, Part V, 11386.

{¶ 8} From its inception, the Motorists policy was renewable every six months as permitted by R.C. 3937.31. Statutory changes in the law were incorporated in the policy upon its renewal every six months until *Wolfe*'s interpretation of R.C. 3937.31 prohibited modifications except at two-year intervals. But when the General Assembly enacted Sub.S.B. 267, superseding the interpretation given R.C. 3937.31 by *Wolfe*, the terms of the insurance contract prevailed. With *Wolfe* no longer effective, the parties were once again bound by the terms of the insurance contract.

{¶ 9} I believe that R.C. 3937.31, as amended by Sub.S.B. 267, applied to the Motorists' policy on October 1, 2000, the first renewal date following the amendment's effective date of September 21, 2000. Therefore, I would reverse the judgment of the court of appeals and remand to the trial court with instructions to enter judgment in favor of Motorists.

O'CONNOR and LANZINGER, JJ., concur in the foregoing dissenting opinion.

———————

Grant A. Goodman, for appellees.

Davis & Young, Henry A. Hentemann, and J. Michael Creagan, for appellant.

1254

Connelly, Jackson & Collier, L.L.P., and Anthony E. Turley, urging affirmance for amicus curiae, Ohio Academy of Trial Lawyers.